UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DENA K. DE SANTIAGO-YOUNG, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-179 |
| § | |
| HISTOPATH, INC., *et al*, § | |
| § | |
| Defendants. § | |

**ORDER DENYING PLAINTIFF DENA DE SANTIAGO-YOUNG'S EMERGENCY MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Pending is Plaintiff Dena De Santiago-Young's Emergency Motion to Quash and for Protective Order. (D.E. 44). United States District Judge Nelva Gonzales Ramos referred the motion to the undersigned Magistrate Judge for disposition. *See* 28 U.S.C. § 636. A hearing was held on April 1, 2015. Having considered the motion, response, reply, arguments of counsel, applicable law, and for the reasons stated on the record and summarized below, the motion is **DENIED.**

I.  BACKGROUND

This lawsuit involves Plaintiffs' claims Defendant Histopath, Inc. failed to properly administer its employee medical benefits plan. (D.E. 38). Among Plaintiff's claims is that Defendant Histopath, Inc. "failed to pay and clarify benefits under the out-of-pocket medical reimbursement plan for the years 2010 to present." (D.E. 38, pp. 32-33). Plaintiff Vincent W. Young is employed by Defendant Histopath, Inc. ("Histopath"). Plaintiff Dena K. De Santiago-Young is married to Mr. Young and is

alleged to be a participant and beneficiary of the Histopath medical benefit plan. (D.E. 38, pp 2-3).

Defendant Histopath issued a Notice of Intention to Take Depositions by Written Questions and a subpoena *duces tecum* to Plaintiff Dena K. De Santiago's physician Dr. Aftab Mahmood, Cancer Specialist of South Texas. (D.E. 44-1). In the pending motion, Ms. De Santiago-Young seeks to quash the subpoena and deposition upon written questions and seeks a protective order pursuant to Fed. R. Civ. P. 26(c) and 45. Ms. Santiago argues the requests are not relevant, are not reasonably calculated to lead to the discovery of admissible evidence, are privileged and violate Ms. De Santiago-Young's right to privacy.

## II.  ANALYISIS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Ms. De Santiago-Young argues the records at issue are not relevant. The undersigned Magistrate Judge finds otherwise in that the discovery is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). While Plaintiff may not be required to establish or prove an underlying medical condition for all of her claims, implicit in her claim that Defendants failed to pay benefits under the out-of-pocket medical reimbursement plan is that she had a legitimate medical condition

for which she received treatment or incurred expenses. Further, Defendant points out Ms. De Santiago was convicted in federal court for social security fraud by making false claims for benefits. *U.S. v. Dena Kalene De Santiago*, No. 06-224 (S.D. Iowa Sept. 19, 2007)(judgment). Plaintiff's counsel did not challenge this assertion during the hearing. Defendant's inquiry into the legitimacy of the claims in this case is reasonable. Finally, defense counsel indicated his preliminary investigation revealed Plaintiff's medical claims involve prescription narcotics. Defendants have a legitimate need to investigate whether Plaintiff's claims were legitimate.

      Plaintiff De Santiago-Young also asserts the medical records are privileged. The party asserting a privilege has the burden to demonstrate that the privilege exists under the circumstances presented. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege ... bears the burden of demonstrating its applicability."). When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege. *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970). There is no doctor-patient privilege under federal law. *U.S. v. Moore*, 970 F.2d 48 (5th Cir. 1992). However, the federal courts may consider state policies supporting a privilege in weighing the patient's interest in confidentiality. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Rule 509 of the Texas Rules of Civil Evidence recognizes the physician-patient privilege. However, in civil proceedings, Texas provides for an exception where the party relies on the condition as part of the party's claim or defense. Tex. R. Evid. 509(e)(4). In the instant litigation, at least as to Plaintiff's claim that Defendants failed to pay her benefits under the medical

reimbursement plan, the medical condition is part of her claim. This consideration weighs in favor of disclosure. As to any other privilege Ms. De Santiago-Young raises, counsel has not demonstrated the privilege exists under the circumstances presented. Further, the undersigned does not find the requested discovery is calculated to harass, oppress, embarrass or unnecessarily invade her right to privacy. Defendant Histopath, Inc. has demonstrated a legitimate basis for pursuing the discovery and the discovery sought is limited to the time period which Plaintiff sought benefits. (D.E. 44-1).

Finally, Plaintiff seeks a protective order to protect Ms. De Santiago-Young from annoyance, embarrassment or oppression. Where appropriate, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery ... [or] prescribing a discovery method other than the one selected by the party seeking discovery[.]" Fed. R. Civ. P. 26(c)(1)(A), (C).

Rule 26(c) requires that good cause and a specific need for protection be shown for the Court to issue a protective order. Fed. R. Civ. P. 26(c). The burden is on the movant to make such showing, which includes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Likewise, a party seeking to quash a subpoena under Rule 45 bears the burden of proof. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). Plaintiff has not carried this burden.

However, the Court is concerned about Ms. De Santiago-Young's privacy, the appropriate use and the disclosure or non-disclosure of Ms. De Santiago-Young's

medical records. Therefore, the parties are **ORDERED** to confer within **seven (7)** days to address whether they can agree on a protective order on the use and disclosure and return of Ms. De Santiago-Young's medical records. Finally, the Court **ORDERS** that should Defendant seek to file any of Ms. De Santiago-Young's medical records with the Court, those records shall be filed under seal.

Plaintiff Dena De Santiago-Young's Emergency Motion to Quash and Motion for Protective Order (D.E. 44) is **DENIED**.

**ORDERED this 1st day of April, 2015.**

_Jason Libby_
**Jason B. Libby**
**United States Magistrate Judge**