UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DENA K. DE SANTIAGO-YOUNG, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-179 |
| § | |
| HISTOPATH, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION TO DISMISS

Pending before the Court is Defendant HistoPath, Inc.'s (HistoPath's) "Opposition to Plaintiffs' Motion for Leave to Amend Complaint and Motion to Dismiss Claims" (Motion to Dismiss, D.E. 39), in which it seeks an order: (A) dismissing Plaintiffs' claims against the individual Defendants, Dr. Linville and Ms. Wilkins, because ERISA does not permit actions pursuant to 29 U.S.C. § 1132(a)(2) against individuals rather than a plan; (B) striking Plaintiffs' claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) because such claims cannot be brought simultaneously with those under 29 U.S.C. § 1132(a)(1); and (C) in the event that the claims are not eliminated, granting HistoPath additional time to file a responsive pleading.[1] For the reasons set out below, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

**A. The Plaintiffs' Claims**

In their Third Amended Complaint (D.E. 38), Plaintiffs allege that Vincent W. Young, P.A. (Young) accepted employment with HistoPath in 2010, after negotiations

---

[1] While HistoPath's filing also opposed Plaintiffs' request to amend, that portion of the filing was adjudicated by the Court's Order (D.E. 37), granting leave to amend and establishing a briefing procedure on the remaining motion to dismiss.

that included promises that he and his family would be covered by certain health benefits, including a "Section 125 Flexible Spending Account" designed to allow him to use pre-tax dollars to pay for certain medical expenses. In fact, HistoPath has medical benefits that qualify for treatment under the Employee Retirement Income Security Act (ERISA), and Young and his family members are entitled to participate in, and receive benefits under, those plans. The plans included major medical coverage (Blue Cross/Blue Shield and then Humana) and HistoPath's Medical Expense Reimbursement Plan (MERP), which was followed by its Health Reimbursement Arrangement (HRA) for health care expenses not covered by the major medical insurance policy.

When Young requested information on the "Flexible Spending Account" to cover his family's out-of-pocket health care costs not covered by major medical, he was told that such a plan did not exist. This issue took on monumental proportions when HistoPath changed its health insurance coverage from Blue Cross/Blue Shield to Humana. At that time, the Young family's out-of-pocket expenses for prescription medications increased dramatically and they, again, sought information on HistoPath's medical reimbursement program. While Defendant Wilkins confirmed that such a plan existed, she failed to provide the Young family with any details that would provide effective access to that employment benefit. Instead, she suggested that the information had already been provided to the Youngs.

As they persisted in seeking a health care expense reimbursement benefit, the Youngs were asked repeatedly to submit duplicative or irrelevant information to multiple points of contact and the processing of their claims—and payment thereon—was not

forthcoming. Wilkins misrepresented the terms of the plans, leading the Youngs to believe that their individual reimbursement amount was half of what it actually was. She also provided the wrong information in response to their repeated requests for plan documents and did not provide claim forms. When HistoPath changed health insurance providers, they failed to transfer coverage for the Youngs' son. When this matter was turned over to counsel, HistoPath's counsel demanded a blanket medical release before tending to the processing of their claims—a requirement that is not a part of any plan that the Youngs are aware of.

It was not until April 3, 2014, after Young's wife filed a complaint with the United States Department of Labor that HistoPath provided a single Summary Plan Description related to the HRA. The Youngs contend that this document does not comply with ERISA requirements, that it is confusing and incomplete, and that additional information regarding the HRA continues to be withheld. After this lawsuit was filed, in responses to third party discovery, the Youngs learned that HistoPath had its MERP from before Young was employed until it was replaced by HistoPath's HRA. Thus the Young family had been denied health care expense reimbursement from pre-tax dollars from the time Young began employment through the filing of suit, by being denied access to HistoPath's MERP and HRA.

While the Youngs have repeatedly sought reimbursement for medical expenses incurred from 2010 to 2015, their claims have not been processed. HistoPath's MERP and HRA have neither paid nor denied the claims. HistoPath's plans have not explained the failure to process the claims but instead seek information to which the plans are not

entitled. The Youngs now sue, having taken all necessary steps prior to litigation, having exhausted their administrative dispute resolution and appellate rights, or being deemed to have done so under the circumstances.

The Youngs contend that Defendants HistoPath (the plans' Administrator and a fiduciary), Wilkins (the plans' Benefit Coordinator and a fiduciary), and Kenneth W. Linville, M.D. (the plans' Administrator and a fiduciary) intentionally withheld information about the plans after learning that Young family members suffered from some serious, permanent, and costly medical conditions. The Youngs complain that the plans are not compliant with ERISA requirements and that HistoPath, Wilkins, and Linville breached various administrative and fiduciary duties in failing and refusing to supply necessary information so that the Youngs could obtain the benefits offered by the plans. They also assert that Young has experienced retaliation for his efforts to enforce his ERISA rights, including an effort to transform his employment contract into an "at will" relationship.

The Youngs seek orders against Defendants for:

1. Equitable relief—

    a. to compel production of complete information on the plans;

    b. to require that Defendants bring the plans into compliance with ERISA;

    c. to clarify plan benefits and an accounting regarding the Youngs' claims;

    d. removing Wilkins and Linville as plan fiduciaries; and

     e. enjoining retaliatory conduct and reinstating Vincent Young's employment status, including pay raises and benefits that have been denied because of his medical expense reimbursement or ERISA claims;

2. Money damages—

     a. for plan benefits that were improperly withheld or denied;

     b. compensating for pay raises and other employment benefits, including expense reimbursements for employment-related travel, which have been denied to him in retaliation for his medical expense reimbursement or ERISA claims; and

     c. money damages as penalties for Defendants' failure to comply with ERISA requirements and for breach of fiduciary duties; along with

3. Attorney's fees for bringing this ERISA claim.

Defendant HistoPath seeks dismissal of various claims, as discussed below.

### A. Simultaneous Claims Pursuant to 29 U.S.C. § 1132(a)(1) and (3)

Under § 1132(a)(1), a plan participant may seek monetary, declaratory, and injunctive relief to enforce his plan benefits and other rights under an ERISA-qualified plan, including civil penalties for failure to provide information. Such claims are generally directed against the plan and are for the participant's personal benefit. Under § 1132(a)(2), a plan participant may sue a plan fiduciary for breach of fiduciary duty pursuant to § 1109 for plan losses caused by a fiduciary breach, seeking restitution and removal of such fiduciaries. A claim under § 1109 is for the benefit of the plan rather than the individual participant. Under § 1132(a)(3), a "catch-all provision," a plan participant or beneficiary may obtain injunctive or other equitable relief for violation of

the statute. The Youngs bring their breach of fiduciary duty claims against HistoPath, Wilkins, and Linville largely under § 1132(a)(3).

HistoPath seeks dismissal of the Youngs' claims for breach of fiduciary duty because they are not entitled to personal relief under § 1132(a)(2) and because, as a matter of law, they are not permitted to raise such claims under § 1132(a)(3) simultaneously with their claims for plan benefits under § 1132(a)(1). *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 622-23 (W.D. Tex. 2013). As the Fifth Circuit has noted, the Supreme Court has read § 1132(a) as setting out alternative bases for relief, with eligibility for relief under § 1132(a)(3) predicated on the absence of available relief under § 1132(a)(1). *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)).

In *Varity*, the plaintiffs were no longer members of the ERISA-qualified plan and were suing their employer as the plan administrator for tricking them into withdrawing from the plan. They were permitted to proceed under (a)(3) because they did not have participant status under (a)(1) and were not suing on behalf of the plan under (a)(2). The Youngs argue that they should be able to state their (a)(3) claims as alternative claims that are eliminated only if they are successful on their (a)(1) claim, citing three cases: *Curcio v. John Hancock Mutual Life. Ins. Co.*, 33 F.3d 226, 228 (3d Cir. 1994); *Jones v. American General Life & Accident Ins. Co.*, 370 F.3d 1065, 1074 (11th Cir. 2004); and *Parente v. Bell Atlantic Pennsylvania*, Civ. A. 99-5478, 2000 WL 419981, *3 (E.D. Pa. Apr. 18, 2000).

These cases do not help the Youngs. *Curcio* preceded the *Varity* decision and is thus unpersuasive. *See, Roig v. Ltd. Long Term Disability Program*, No. Civ. A. 99-2460, 2000 WL 1146522, *9 (E.D. La. Aug. 4, 2000) (acknowledging *Curcio* and refusing to allow simultaneous claims under § 1132(a)(1) and (3) under *Varity*), *aff'd in part, rev'd and remanded in part*, 275 F.3d 45 (5th Cir. 2001) (per curiam). The *Jones* opinion actually followed *Varity*, allowing an (a)(3) claim only because the plaintiffs did not have an (a)(1) claim.

*Parente* allowed the claims in the alternative so that plaintiff could recover under (a)(3) if his claim under (a)(1) failed. This has been identified as a "minority view." "The majority view is that the plaintiff's ultimate success is 'irrelevant; the pertinent inquiry is whether [the plaintiff] can state a claim under [that provision].'" *Krase v. Life Ins. Co. of N. Am.*, No. 11 C 7659, 2012 WL 4483506, *3 (N.D. Ill. Sept. 27, 2012). In adopting the district court's opinion, the Fifth Circuit in *Tolson* expressly stated that failure to recover under (a)(1) does not render an (a)(3) claim viable. *Tolson,* 141 F.3d at 610. Its reasoning, further explained in a footnote, is that the two claims are not alternative, but the same, using different labels. *Id.,* n.17 (citing *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996)).

More specifically, in response to the argument that plan participants or beneficiaries should be able to use both sections as requests for alternate relief under Federal Rule of Civil Procedure 8, one court explained *Varity* as follows:

> [D]ismissing a duplicative claim for "equitable relief" does not violate Rule 8: "the dismissal of Plaintiff's equitable claims under *Varity* would not bar Plaintiff from asserting

> inconsistent legal theories, as Rule 8 allows, but from asserting the same legal theory twice under separate labels." This interpretation of *Varity* leaves the door open for plaintiffs to pursue truly distinct claims under subsections (a)(1)(B) and (a)(3). *See id.* at *5 (collecting cases). At the same time, it prevents plaintiffs from "repackaging" their denial-of-benefits claims as subsection (a)(3) claims for equitable relief consistent with *Varity 's* admonition that this catchall provision only applies when relief is otherwise unavailable.

*Krase*, 2012 WL 4483506 at *3.

The Youngs have adequate relief available for the alleged improper denial of benefits through their right to sue the plan directly under § 1132(a)(1), seeking the plan benefits as well as civil penalties for failure to provide plan information. The Court GRANTS HistoPath's motion to strike the Youngs' statement of a private right of action for damages arising from breach of fiduciary duty under § 1132(a)(3).

### B. Breach of Fiduciary Duty Claims Against Individual Defendants

According to their Claims for Relief, Plaintiffs have sued Wilkins and Linville for the following:

- § 1132(a)(1)(B) and (a)(3): failure to pay and clarify benefits under the out-of-pocket medical reimbursement plan for the years 2010 to present, including seeking consequential damages, plan information, an accounting, and removal of Wilkins and Linville as plan fiduciaries.

- § 1104(a)(1): breach of fiduciary duty regarding disclosure of plan information, accepting and denying claims, and misleading statements regarding plan benefits, and seeking civil penalties and removal of Wilkins and Linville as fiduciaries.

D.E. 38, pp. 30-37.

With respect to breach of fiduciary duty, § 1104 is not a civil enforcement provision by itself. Therefore, its enforcement must be accomplished through a

subsection of § 1132.  Nominally, breach of fiduciary duty falls under § 1132(a)(2).  Defendant HistoPath asserts that the Youngs' claims against individual Defendants, Wilkins and Linville, for breach of fiduciary duties under § 1132(a)(2) are improper because such claims may only be asserted against the ERISA plan and claims under (a)(3) are barred.  *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 622 (W.D. Tex. 2013); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

Section 1132(a)(2), incorporating the strict terms of § 1109, does not create a private right of action for damages, but rather provides remedies solely for the benefit of the plan.  Consequently, the only avenue by which the Youngs, as individuals, could personally recover damages for breach of fiduciary duty is through (a)(3).  And, in fact, the Youngs have defended against the motion to dismiss by relying exclusively on (a)(3).  Because that reliance is misplaced, the Court GRANTS the motion to dismiss with respect to any claims for damages arising from breach of fiduciary duty.

However, at least three issues remain with respect to the individual Defendants.  First, nothing appears to prevent the Youngs' claim (on behalf of the plan) for removal of Wilkins and Linville as plan fiduciaries—a claim that is expressly permitted under §§ 1109 and 1132(a)(2).  Second, to the extent the Youngs seek civil penalties for failure to disclose plan terms, that claim is viable under § 1132(a)(1)(A) and (c), even though Plaintiffs did not expressly invoke those section under that claim for relief.  Third, Defendant HistoPath did not expressly challenge individual liability under § 1132(a)(1).

Consequently, the Court GRANTS the motion to dismiss with respect to any claim for damages for breach of fiduciary duty against individual Defendants, Wilkins and

Linville.  The Court DENIES the motion to the extent that it seeks elimination of all claims against the individual Defendants.

### C. Additional Time to Respond to Third Amended Complaint

Defendant further seeks a reasonable amount of time to file a responsive pleading to Plaintiffs' Third Amended Complaint.  HistoPath timely filed responsive pleadings on March 31, 2015 (D.E. 48, 49).  Defendants Wilkins and Linville do not appear to have been served with summons and no date for a responsive pleading is set.  Consequently, the Court DENIES AS MOOT the request for additional time to file a responsive pleading.

### D. Conclusion

For the reasons set out above, the Court GRANTS IN PART the motion to dismiss (D.E. 39), STRIKES claims brought under 29 U.S.C. § 1132(a)(3), and DISMISSES claims brought for damages for breach of fiduciary duty.  The Court further DENIES IN PART the motion and declines to dismiss any remaining claims against the individual Defendants and DENIES AS MOOT the request for additional time to file a responsive pleading.  This Order is issued without prejudice as to any motion Defendants Wilkins and Linville may choose to file after being joined in the case.

ORDERED this 23rd day of April, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE